UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOANNA BURKE and JOHN BURKE,** § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Civil Action No. 4:18-cv-4544 |
| § | |
| **OCWEN LOAN SERVICING, LLC,** § | |
| § | |
| *Defendant.* § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STAY

Defendant Ocwen Loan Servicing, LLC (hereinafter "Ocwen" or "Defendant"), files this Response in Opposition (the "Response") to the Motion to Stay ("Motion to Stay") [Doc. 7] filed by Plaintiffs Joanna Burke and John Burke ("Plaintiffs" or "Burkes"). In Response to Plaintiffs' Motion to Stay, Ocwen would respectfully show the Court the following:

1. On November 15, 2018, Plaintiffs filed their Original Petition (the "Complaint"), *Joanna Burke and John Burke v. Ocwen Loan Servicing, LLC;* Cause No. 2018-82450, in the 295th Judicial District Court of Harris County, Texas asserting numerous causes of action against Ocwen. As detailed in Ocwen's Motion to Dismiss [Doc. 5], the majority of Plaintiffs' claims are barred by res judicata stemming from the litigation, appeals and all subsequent litigation in a prior lawsuit: *Deutsche Bank v. John Burke, et al,*; Civil Action No. 4:11-CV-01658; in the Southern District of Texas, Houston Division ("Foreclosure Litigation" and collectively "Prior Litigation").

2. Plaintiffs' Complaint [Doc. 1-3] asserted causes of action against Ocwen; specifically, Plaintiffs assert claims and seek damages for alleged violations of (1) Dodd-Frank

Financial Reform Act §1463; (2) the Fair Debt Collection Practices Act, 15 U.S.C. §1692; and (3) RESPA, 12 U.S.C. §2605.

2. Ocwen was not served in the state court matter and removed the case to this Court on December 3, 2018 [Doc. 1], based upon Plaintiffs' assertion of federal question under the above-described statutes.

4. Pursuant to the Federal Rules of Civil Procedure, Ocwen timely filed their Fed. R. Civ. P. 12(b)(6), Motion to Dismiss for Failure to State a Claim [Doc. 5] on December 10, 2018.

5. Plaintiffs thereafter filed a Motion to Remand [Doc. 8], based upon their misunderstanding of federal question jurisdiction. Ocwen filed their Response in Opposition to Motion to Remand on January 4, 2019 [Doc. 9].

6. In response to the Removal and Motion to Dismiss, Plaintiffs seek leave of the Court to stay the case and/or indefinitely extend the federal deadlines. Plaintiffs state merely that their ability to respond is delayed due to their lack of access to e-filing and the Christmas season, and that this should excuse them from responding to the Motion to Dismiss until the Court renders decision on the Motion to Remand. The Plaintiffs, though pro se, are not unfamiliar with the deadlines and filings required to litigate in the federal courts. They have aptly represented themselves through the majority of the litigation and subsequent appeals, including in the matters below:

   a. *Deutsche Bank v. John Burke, et al,*; Civil Action No. 4:11-CV-01658; in the Southern District of Texas, Houston Division;

   b. Case No. 15-2021 in the U.S. Court of Appeals for Fifth Circuit (reversed and remanded for review of foreclosure requirements)("First Appeal");

   c. Case No. 18-20026 in the U.S. Court of Appeals for Fifth Circuit (reversed and rendered for issuance of foreclosure judgment) ("Second Appeal");

    d.  *John Burke and Joanna Burke v. Hopkins Law, PLLC, et al.*, 4:18-cv-4543 in the United States District Court for the Southern District of Texas, Houston Division ("Attorney Litigation").

7.    Plaintiffs' Motion to Stay lacks specificity as to the amount of time Plaintiffs seek to delay the required filing of their response to Ocwen's pending Motion to Dismiss. Plaintiffs have been adept at causing delay for years in the litigation referenced above within paragraph 6(a-d). Now that Plaintiffs have thought it advisable to create further havoc by bringing this lawsuit, Plaintiffs should be required to litigate within the time periods provided by the Federal Rules of Civil Procedure. Plaintiffs cite no caselaw for the proposition that the case should be stayed while the Court considers Plaintiffs' pending motion to remand.

8.    Plaintiffs filed this baseless lawsuit against Ocwen, and each of Plaintiffs' claims fail as a matter of law and/or are barred by res judicata. Plaintiffs' pro se status alone is an insufficient reason to indefinitely stay the case or their deadlines in this lawsuit. Plaintiffs' request lacks merit and should be denied.

## **PRAYER**

Pursuant to the reasons set out herein, Ocwen Loan Servicing, LLC respectfully requests that the Court deny Plaintiffs' Motion to Stay and for all other relief to which they may be justly entitled.

Respectfully Submitted,

**HOPKINS LAW, PLLC**

*/s/ Shelley L. Hopkins*
**Shelley L. Hopkins**
State Bar No. 24036497
Southern District ID No. 926469
**Mark D. Hopkins**, *Attorney in Charge*
State Bar No. 00793975
Southern District ID No. 20322

        3809 Juniper Trace, Suite 101
        Austin, Texas 78738
        (512) 600-4320
        (512) 600-4326—Facsimile
        mark@hopkinslawtexas.com
        shelley@hopkinslawtexas.com

        ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of January 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

**VIA CM/RRR #** 7015 1520 0001 3934 1989
**AND VIA E-MAIL**
John Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339

**VIA CM/RRR #** 7015 1520 0001 3934 1996
**AND VIA E-MAIL**
Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339

        */s/ Shelley L. Hopkins*
        Shelley L. Hopkins