*Civil Action No. 4:18-cv-4544*

John Burke and Joanna Burke
46 Kingwood Greens Dr
Kingwood, Texas 77339
Tel: 281 812 9591

United States Courts
Southern District of Texas
FILED

JAN 28 2019

David J. Bradley, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

### Civil Action No. 4:18-cv-04544

| | |
|---|---|
| Joanna Burke and John Burke | )    RESPONSE TO CASE MANAGEMENT |
|        Plaintiffs, | )    PLAN (WITH UPDATE STATUS) |
|    vs. | ) |
| Ocwen Loan Servicing, LLC, | ) |
|        Defendants. | ) |

---

### RESPONSE TO CASE MANAGEMENT PLAN
### (WITH UPDATE STATUS)

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Joanna & John Burke ("Plaintiffs"), herein reply to the Defendants

failure to confer as per Fed. R. Civ. P. 26(f) and would notify the honorable court of

the following;

### PLAINTIFFS CASE MANAGEMENT PLAN

1

*Civil Action No. 4:18-cv-4544*

Without the benefit of conference or email or any type of communication with the Defendants apart from the email with enclosures and unrealistic demands as mentioned, and with *pro se's* limited knowledge, the Plaintiffs hereby attach their own Case Management Plan, to comply with the Courts instructions.[1]

## BACKGROUND

The Defendants sent an email at 12.15 pm on 24th January, 2019 with the following statement;

> "Please see attached Ocwen and Hopkins' proposed case management plan. I have not included information for your sections unless I could. Please advise by end of the day what additions you have to the attached as this is due for filing tomorrow. Thank you. Shelley L. Hopkins."

This is the first communication the Plaintiffs have received from Defendants and it was a surprise - as there was no attempt to contact the Plaintiffs to "conference" in advance of this single-handedly written "Joint" Case Management Plan. While this may be the responsibility of both parties, the Plaintiffs were of the opinion that the Defendants, as lawyers and skilled in court procedures, would not

---

[1] *See* Exhibit A

*Civil Action No. 4:18-cv-4544*

fail in their own duty to reach out to the Plaintiffs and to ensure compliance with a required conference hearing. Unfortunately, this presumption was wrong, they did not comply.

> "(1) Conference Timing. Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event **at least 21 days before a scheduling conference** is to be held or a scheduling order is due under Rule 16(b)."

Secondly, the *pro se* Plaintiffs believed, correctly or incorrectly, as there are currently three motions pending before the honorable court, the case management plan and scheduled initial conference would not proceed until these motions have been decided.

Indeed, with the federal shutdown, it was in the Plaintiffs mind, based on the reports in the news, that if the shutdown were to go past 1st February, the courts may be closed for a period.

Consequently, the Plaintiffs anticipated that the initial conference, scheduled for 6th February, 2019, would most likely need to be rescheduled, not for the purposes of delay, but due to all the reasons stated herein.

*Civil Action No. 4:18-cv-4544*

## ZEALOUS ADVOCACY OR REASONABLE DILIGENCE?

The Plaintiffs do apologize if this is not judicial procedure, but there is mitigating circumstances, when the Plaintiffs have pending before this honorable court, a motion to remand, a motion to stay and a Defendant who continues to assume a position of zealous advocacy[2], which has made it impractical to expect normal dialogue for the purposes of adhering to the honorable courts instructions.

For the record, the Plaintiffs would have complied and willingly entered into the required conference, however, they were met with silence regarding a conference and a 4 hr 45 min. rushed demand notice to reply to opposing counsels premeditated Joint Case Management Plan, when, as officers of the Court, they should conduct themselves with utmost civility and professionalism toward the Court and *pro se* counsel; faithfully adhere to the Federal Rules of Civil Procedure and the Court's Local Rules; and earnestly attempt to resolve discovery disputes without the need for Court intervention. None of this was afforded to the *pro se* Plaintiffs by opposing counsel.

It is without doubt, opposing counsel are operating under the misconception that the Model Rules contain an express duty for them to zealously advocate on behalf of their clients and/or themselves. They compound this misconception with

---

[2] See Doc. 6, P. 17, #38 "Plaintiffs fail to detail exactly how Attorney Defendants have done anything other than **zealously represent** Deutsche Bank and Ocwen…"

4

*Civil Action No. 4:18-cv-4544*

the belief that zealous advocacy authorizes abrasiveness, bullying, hardball lawyering, and a win-at-all-costs attitude.

However, more than two decades ago, the ABA's Model Rules intentionally eliminated an express duty to zealously advocate and replaced it with a duty to represent one's client [or oneself in this case] with "reasonable diligence."

As shown below, the document history summarized indicates the Plaintiffs have complied with every request and the Defendants have objected at every step, including submission, within 5 days of filing the removal in this honorable court, a Motion to Dismiss;

### CASE DOCKET SUMMARY

- Doc. 1 with Exhibits (removal)
  – Dec 3, 2018
- Doc. 5 with Exhibits (motion to dismiss)
  – Dec 10, 2018
- Doc. 6 (cert of interested parties, burke)
  – Mon. Dec 17, 2018 (stamped 14th Dec)
- Doc. 7 (motion to stay)
  – Mon. Dec 27, 2018
- Doc. 8 (motion to remand)
  – Mon. Dec 27, 2018
- Doc. 9 Objection to Motion to Remand by Hopkins
  – Jan 4, 2019
- Doc. 10 Objection to Motion to Stay by Hopkins
  – Jan 7, 2019

### PENDING MOTION TO DISMISS

*Civil Action No. 4:18-cv-4544*

Unlike a Motion to Remand, premature Motions to Dismiss are not favored in many courts. A Rule 12(b)(6) motion to dismiss requires the Court to take all well-pleaded allegations of fact as true and require the courts close examination of the facts and applicable law.

Motions anchored on tenuous grounds, for example, the pending Motion to Dismiss before this honorable court (Doc. 6)[3], should be avoided at all costs and certainly not presented while the ink on the printer has yet to dry on the original removal petition (Doc. 1).

The Plaintiffs referred to the Defendants Motion to Dismiss in the Motion to Stay, as the Plaintiffs priority was the submission of a timely Motion to Remand to the State Court, and to achieve this during a busy Christmas postal period. However, should this case be determined that it should proceed in Federal Court, the Plaintiffs, sought relief in the Motion to Stay, or, in the alternative, seek to request this court defer, withdraw or dismiss the Motion as "premature" citing *Gray v. 1 Texas Adjusters, LLC* (4:17-cv-02353) District Court, S.D. Texas.

---

[3] See - *Gray v. 1 Texas Adjusters, LLC* (4:17-cv-02353), Doc. 44 - District Court, S.D. Texas - "In view of the substantial waste of resources, public and private, that results from plainly improper motions of these types, the Court asks your cooperation as follows:(a) adhere to this Court's Rule 4C relating to discovery disputes; (b) do not designate a motion as one to dismiss an action under Rule 12(b)(6) that is in essence a motion for summary judgment; and (c) do not file a summary judgment motion which must be denied after consideration because some essential factual assertion is in dispute." – Vanessa D. Gilmore, US District Judge.

*Civil Action No. 4:18-cv-4544*

## PENDING MOTION TO REMAND

For the arguments against Remand, the Defendant relies on stated "Federal Question Jurisdiction"[4] which is *not* the reason for the Plaintiffs remand request. The Plaintiffs Remand request pertains to a "Question of Fraud on the Court and the Plaintiffs".



Judge, this is Tim Redding.

*We have a bunch of servicers that are corporations or trusts attempting to foreclose on behalf of other trusts using a power of attorney, and I don't think that's really proper.*

...I mean, we all kind of turn a blind eye to it.

*– Supreme Court of Texas Task Force*

Texas Supreme Court Foreclosure Task Force

see [Transcript] MEETING OF THE TASK FORCE ON JUDICIAL FORECLOSURE

RULES, November 7, 2007

---

[4] See Doc. 9, p.1 #2. "Given that the Complaint alleges federal questions (violation of FDCPA, RESPA and Dodd Frank) removal of the lawsuit was proper under 28 U.S.C. §1331."

7

*Civil Action No. 4:18-cv-4544*

Furthermore, the State claims related to the Texas Finance Code and Attorney-Debt Collectors will be clarified even further, once the Plaintiffs obtain a "Response for Information" from the attorneys at Texas Department of Savings and Mortgage Lending.[5]



**Attorney Engagement Letters**

*"Fee agreements are generally not privileged; the identity of the client, the amount of the fee, and the general purpose of the work to be performed are not protected."*

*Clarke v. Amer. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992)*

## PENDING PROCESS OF SERVICE

---

[5] See Exhibit B - in Burke v Hopkins Response to Case Mgt Plan Doc. – "The Burkes assume the Attorneys for the SML should be able to respond expediently to this request for information. With this information in hand, the Burkes should be able to decide if the Complaint is against Hopkins, Ocwen and/or the Bank – as the answer from SML should identify who is the "control person" and who is ultimately responsible to the SML for any claimed violations by the Burkes based on the detailed background presented herein."

*Civil Action No. 4:18-cv-4544*

The Defendants have claimed Hopkins Law, PLLC, has *not* been served[6], which is an objection the Plaintiffs have raised in reply motions confirming this argument is false.[7] Defendants then reiterated this statement, without expansion, in Doc. 10, p.2 #2. "Ocwen was not served in the state court matter…"

As a result, Plaintiffs are still left in doubt and are only allowed 90 days to serve the Defendants, according to the law, or this case is at risk of being dismissed.

The Plaintiffs seek remand, so they don't believe they should have to pay twice to serve the Austin based Defendants who implemented the deceitful "snap removal" to remove this case to Federal Court.[8]

### PENDING MOTION TO STAY

Plaintiffs have previously asked this honorable court to grant the pending motion to stay proceedings, which, based on the timeline to date, most likely would have included the Joint Case Management Plan and Initial Conference, while this

---

[6] See Doc. 1, p.2 #7. "Defendant Ocwen Loan Servicing, LLC has not been served in this matter and therefore removal is timely. 28 U.S.C. §1446(b)(1)."

[7] See Doc. 8. P.37 - This is in contradiction with the State Court process server office and official Court ECF filing system, which indicates service was accepted by Defendants, Ocwen Loan Servicing, LLC on November 19th, 2018 and returned on 27th November, 2018.

[8] *See* Doc. 8, p.8 - It appears that Hopkins seeks to rely on this scheming tactic. However, in *Breitweiser v. Chesapeake Energy Corporation,* the Northern District of Texas pointed out (and is applicable in this case) that it would be "absurd" to allow for a forum (in-state) defendant to utilize the "properly joined and served" loophole to remove a case to federal court before that forum defendant had been served.

*Civil Action No. 4:18-cv-4544*

court considered the pending motion to remand case. However, this has not been ruled on to-date.

### MOTION TO SEPARATE TRIALS & REQUEST
### TO RESCHEDULE INITIAL CONFERENCE

Plaintiffs now notice this honorable court that they intend to file a Motion to Separate Cases/Trials, so that justice may be served.

With that in mind, Plaintiffs would kindly ask this court, taking the facts and age and status of *pro se* Plaintiffs, combined with the complexity of the number of actions and pending items of importance in this matter, to please grant the stay or allow for a rescheduling of the conference[9], currently on the calendar for 6th of February, 2019, while this court decides on the motions in hand from the Plaintiffs.

RESPECTFULLY submitted this 25th day of January, 2019.

Joanna Burke / State of Texas
Pro Se

---

[9] See Cardenas v. City of Donna, Texas (7:18-cv-00070), Doc. 10 - as an example of a Texas Federal Court rescheduling, in this case due to non-appearance of pro-se.

*Civil Action No. 4:18-cv-4544*

_____

John Burke / State of Texas
Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: kajongwe@gmail.com

*Civil Action No. 4:18-cv-4544*

## CERTIFICATE OF SERVICE

We, Joanna Burke and John Burke hereby certify that on January 25, 2019, we posted the attached document via USPS Express Mail to the US District Court;

Clerk of Court
United States District Court
515 Rusk St
Courtroom 703, 7th Floor
Houston TX 77002

And also served copies to the following parties, by U.S. Priority Mail:

Mr. Mark Hopkins, Mrs. Shelley Hopkins & Hopkins Law PLLC
Hopkins Law PLLC
3809 Juniper Trce, Suite 101
Austin, TX 78738

# EXHIBIT A

*Civil Action No. 4:18-cv-4544*

John Burke and Joanna Burke
46 Kingwood Greens Dr
Kingwood, Texas 77339
Tel: 281 812 9591

United States ….
Southern District of ….
FILED

JAN 29 2019

David J. Bradley, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

### Civil Action No. 4:18-cv-04544

| | | |
|---|---|---|
| Joanna Burke and John Burke | ) | PLAINTIFFS ANSWERS TO |
| | ) | DISCOVERY/CASE MANAGEMENT |
| Plaintiffs, | ) | PLAN |
| vs. | ) | |
| | ) | |
| Ocwen Loan Servicing, LLC, | ) | |
| | ) | |
| Defendants. | | |

### PLAINTIFFS ANSWERS TO DISCOVERY/CASE MANAGEMENT PLAN
#### Under Rule 26(f) of the Federal Rules of Civil Procedure

1. State where and when the conference among the parties required by Rule 26(f) and identify the counsel who attended for each party.

   *See* Plaintiffs "Response to Case Management Plan".

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None. In the Plaintiffs view, the case revolves around the question of a rogue, unlicensed, unbonded debt collecting attorney/firm in the State of Texas. This firm and counsel relies upon "attorney immunity" to shirk any investigation by this honorable court. For the reasons stated herein and the [anticipated] Motion to Separate Cases, this position should be untenable. In respect to this "related"

1

*Civil Action No. 4:18-cv-4544*

question, this case is related to "a question of fraud" primarily, not another case. In summary, the question is not about "Federal Question Jurisdiction", it's about *who* removed the Ocwen case.

However, Defendants and, at this stage in proceedings, it would appear the Court are of the impression that the case *John Burke and Joanna Burke v. Hopkins Law, PLLC, et al, Case No. 4:18-CV-4543 in the United States District Court for the Southern District of Texas, Houston Division* (incl. Motion to Remand back to State Court, Case # 201881593 – 55th DISTRICT COURT BURKE, JOANNA v HOPKINS LAW PLLC) are "related".

Respectfully, the Plaintiffs disagree and plan to shortly file a Motion for Separation of the two cases with their arguments, to this honorable court.

3.  Specify the allegation of federal jurisdiction.

    *See* Plaintiffs, "Response to Case Management Plan" , "Motion to Remand" and Defendants response #3.

4.  Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.

    *See* Plaintiffs "Response to Case Management Plan", "Motion to Remand" and Defendants response #4.

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted, if any.

    Plaintiffs may join additional parties which depend on the results of the current motions with this honorable court and pending answers and/or decisions in reference to Plaintiffs disclosures in #21.

6.  List anticipated interventions, if any.

    Plaintiffs have a pending Application to Intervene in an Illinois class-action law suit; *see* 1:18-cv-05936 Parra v. Ocwen Loan Servicing LLC, Illinois, Docs. 29/30; and

    Plaintiffs have a pending Application to Intervene in a Florida CFPB law suit; *see* Consumer Financial Protection Bureau v. OCWEN Financial Corporation, Inc. (9:17-cv-80495), District Court, S.D. Florida, Docs. 220 &237

7.  Describe class-action issues, if any.

*Civil Action No. 4:18-cv-4544*

Plaintiffs have a pending Application to Intervene in a class-action lawsuit as per #6 above.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The Parties have not exchanged initial disclosures.

9. Describe the proposed agreed discovery plan, including:

   a. Responses to all the matters raised in Rule 26(f).

   Defendants response includes dates and times not agreed upon by Plaintiffs, who have not met, conferenced or discussed any in any manner, this case management plan as admitted by Defendants themselves. Hence, Plaintiffs formally object to Defendants statement.

   b. When and to whom the <u>plaintiff</u> anticipates it may send interrogatories.

   Plaintiffs intend to send interrogatories to Defendants, at a time yet to be determined.

   c. When and to whom the <u>defendant</u> anticipates it may send interrogatories.

   *See* Defendants Response.

   d. Of whom and by when the <u>plaintiff</u> anticipates taking oral depositions.

   At this time, Plaintiffs anticipate taking oral depositions of Defendants and any other persons (witnesses), expert witness(es) and/or added (parties). However, it may be a retained deposition expert that will conduct these depositions.

   e. Of whom and by when the <u>defendant</u> anticipates taking oral depositions.

   *See* Defendants Response.

   f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

*Civil Action No. 4:18-cv-4544*

Plaintiffs have yet to finalize expert(s), which depends on the results of the current motions with this honorable court and also depends on the results of the external cases, responses and decisions as identified herein.

g.  List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).

Plaintiffs have yet to finalize expert depositions which depend on the results of the current motions with this honorable court.

h.  List expert depositions the opposing party anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).

*See* Defendants Response.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The Parties have not agreed on a discovery plan as they have not discussed.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

None. Initial Disclosures have not been undertaken to date for reasons stated herein.

12. State the date the planned discovery can reasonably be completed.

This cannot be computed or estimated at this time and is dependent on the ability to effectively communicate with Defendants, which has proven difficult.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

There has been no discussion to date.

Defendants do not wish to resolve this matter per Defendants response #13.

14. Describe what each party has done or agreed to do to bring about a prompt resolution. One cannot settle if Defendant is not willing to communicate or open to settlement.

*Civil Action No. 4:18-cv-4544*

15. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

Plaintiffs reject ADR as a technique in this case.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Plaintiffs *do* consent to trial before a Magistrate Judge.

17. State whether a jury demand has been made and if it was made on time.

The Plaintiffs demanded and paid for a jury trial on all issues in the original State complaint. This demand was timely. The Defendants recognized this and requested the same when removing the case to this honorable court. Whether it has been paid for in this court is unknown.

18. Specify the number of hours it will take to present the evidence in this case.

This cannot be computed or estimated at this time as there is too many outstanding matters discussed herein (related to experts, witnesses, and any added parties) to realistically answer this question.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

The Plaintiffs respectfully object to ruling at an in-conference hearing on any pending motions for the following reasons:-

The Plaintiffs filed two separate cases, in two courts and before two Judges in the State Court.

This court has, without discussion, notice or order, unilaterally combined two cases together, namely *Burke v Ocwen* and *Burke v Hopkins*. *See* A trial court may abuse its discretion by "incorrectly resolving the relatedness issue" or by consolidating cases when the consolidation results in prejudice to the complaining party. *Crestway Care Ctr., Inc.*, 945 S.W.2d at 874 (citing *Lone Star Ford*, 838 S.W.2d at 738).

Respectfully, it's far too much for the Plaintiffs, elderly, of diminished health, and suffering from major depression, and pro-se parties, to manage, prepare and

*Civil Action No. 4:18-cv-4544*

discuss two law suits and potentially three pending motions including Defendants motion to dismiss in both cases, at one adversarial hearing and where the stakes are extraordinarily high.

The scheduled hearing is overburdensome, and the Plaintiffs deem it necessary to be recorded as a formal objection, in advance of a Motion to Separate and in anticipation of the February 6th court date.

20.  List other pending motions.

*See* Motion to Remand, Motion to Stay, and Motion to Separate by Plaintiffs and Motion to Dismiss by Defendants.

21.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Plaintiffs would highlight the following; (1) The Plaintiffs request to separate this case from *Burke v Hopkins* (2) The current pending Motion to Intervene in *Parra v Ocwen* case, (3) The current pending Motion to Intervene in *CFPB v Ocwen* case, (4) The pending "Request for Information" from Texas Department of Savings and Mortgage Lending to support Plaintiffs arguments and refute Defendants arguments that they do not require to be licensed and hold a surety bond as attorney-debt collectors (5) The pending complaint at the Fifth Circuit Court of Appeals, as copied to this honorable court in December and again (as amended) in January 2019 and which was acknowledged by the Fifth Circuit on January 18, 2019. (6) The pending filing with the US Supreme Court Writ of Certiorari related to the main case and subsequent mandate in *Deutsche Bank v Burke* (Fifth COA #18-20026). This filing is anticipated to be completed by mid-late February 2019, *e.g.* prior to the deadline date for filing.

22.  List and summarize all issues pending in the case. Include a statement that counsel have met and agreed on the summation list of issues.

Plaintiffs have not met with Defendants for reasons discussed herein.

23.  List the names, bar numbers, addresses, and telephone numbers of all counsel.

**PLAINTIFFS**

Joanna Burke

6

*Civil Action No. 4:18-cv-4544*

State Bar No. (None, Student of Law).
Email: kajongwe@gmail.com

John Burke
State Bar No. (None, Student of Law).
Email: alsation123@gmail.com

46 Kingwood Greens Dr.,
Kingwood, TX, 77339
Tel: (281) 812-9591
Fax: (866) 705-0576

**DEFENDANTS**

Mark D. Hopkins
State Bar No. 00793975
Email: mark@hopkinslawtexas.com

Shelley L. Hopkins
State Bar No. 24036497
Email: shelley@hopkinslawtexas.com

HOPKINS LAW PLLC
3809 Juniper Trace, Suite 101
Austin, Texas 78738
Tel: (512) 600-4320

Approved:

_____          _____
Joanna Burke, Pro Se Plaintiff(s)          Date   1/25/2019

_____          _____
John Burke, Pro Se Plaintiff(s)          Date   1/25/2019

**Joanna Burke and John Burke**

46 Kingwood Greens Dr., Kingwood, TX, 77339

Tel: (281) 812-9591

Fax: (866) 705-5076

Email; kajongwe@gmail.com

United States Courts
Southern District of Texas
FILED

JAN 28 2019

David J. Bradley, Clerk of Court

January 25, 2019

𝔈𝔩𝔢𝔯𝔨 𝔬𝔣 𝔠𝔬𝔲𝔯𝔱

United States District Court

515 Rusk St

Courtroom 703, 7th Floor

Houston TX 77002

*Original State Court Case:*

𝔍𝔲𝔡𝔤𝔢 𝔠𝔞𝔯𝔬𝔩𝔦𝔫𝔢 𝔈. 𝔅𝔞𝔨𝔢𝔯

295th Civil Court,

Harris County Civil Courthouse

201 Caroline, 9th Floor

Houston, Texas 77002

*(Ref. Burke v Ocwen Loan Servicing, Case # 201882450)*

*Federal Court Case (Removed to, by Hopkins, Dec. 3rd, 2018):*

𝔖𝔫𝔯. 𝔍𝔲𝔡𝔤𝔢 𝔇𝔞𝔳𝔦𝔡 𝔥𝔦𝔱𝔱𝔫𝔢𝔯 / 𝔐𝔞𝔤𝔦𝔰𝔱𝔯𝔞𝔱𝔢 𝔍𝔲𝔡𝔤𝔢 𝔭𝔢𝔱𝔢𝔯 𝔅𝔯𝔞𝔶

US District Court

Southern District of Texas

515 Rusk Avenue

Room 8509

Houston, Texas 77002

*(Ref. Burke v Ocwen Loan Servicing, LLC, Case #4:18-cv-04544)*

Dear Sirs

**Burke v Ocwen Loan Servicing, LLC, Case # 4:18-cv-4544**

Filing Cover Sheet

Please find enclosed;

(i)     Response to Case Management Plan (with Update Status).
(ii)    Exhibit A – Plaintiffs Answers to Case Management Plan.

Notice

If you have any questions or comments about the enclosed filings, please do not hesitate to reach out via email to kajongwe@gmail.com, or fax to +1 (866) 705-0576 to expedite any questions or concerns. We prefer written communication for the purposes of tracking the case(s).

Thank you very much in advance for your time and consideration.


Respectfully

**Joanna Burke and John Burke**
46 Kingwood Greens Dr., Kingwood, TX, 77339
Tel: (281) 812-9591
Fax: (866) 705-5076
Email; kajongwe@gmail.com


*"An enlightened citizenry is indispensable for the proper functioning of a republic. Self-government is not possible unless the citizens are educated sufficiently to enable them to exercise oversight. It is therefore imperative that the nation see to it that a suitable education be provided for all its citizens."*
~Thomas Jefferson, 1817.